UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN DIXON,

          Plaintiff,

-against-

TOWN OF NEWBURGH,

          Defendant.

ECF CASE

COMPLAINT

Case No.: 05 CIV. 6801

JUDGE CONNER

---

      Plaintiff Kevin Dixon by his attorney Nancy E. Hoffman, Esq. (Miguel Ortiz, Esq., and William A. Herbert, of counsel), as and for his complaint against defendant Town of Newburgh, sets forth as follows:

## INTRODUCTION

      1.     Plaintiff Kevin Dixon seeks redress for disability discrimination suffered in his capacity as an employee of defendant Town of Newburgh in violation of the American with Disabilities Act (hereinafter "ADA") 42 U.S.C. §§12101 *et seq.*

## I. PARTIES

      2.     Plaintiff Kevin Dixon is a citizen of the State of New York, County of Orange, Town of Newburgh, whose address is 5341 Route 9W, Newburgh, New York.

      3.     Defendant Town of Newburgh is a municipality, a political subdivision and a public employer located in Orange County, New York.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1337 and 42 U.S.C. §2000e-5.

5. Venue lies in the United States District Court for the Southern District of New York because it is the district where plaintiff resides and it is the district where the defendant has its principal offices and place of business.

6. The unlawful employment practices alleged in this complaint were committed within the State of New York, County of Orange.

## III. COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF THE ADA

7. Plaintiff has complied with the jurisdictional requirements of Title VII and the ADA.

8. On or about December 12, 1996, plaintiff dual filed a charge of disability discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the New York State Division of Human Rights.

9. On or about December 20, 1996, the defendant was sent a notice of charge of discrimination by the EEOC.

10. On or about July 30, 1997, the EEOC issued a determination concluding that it had reasonable cause to believe that the defendant violated the ADA by engaging in unlawful discrimination against the plaintiff.

11. Pursuant to 42 U.S.C. §2000e-5(f), the EEOC referred the case to the United States Department of Justice because the defendant is a political subdivision.

12. On May 3, 2005, the United States Department of Justice issued to plaintiff a right to sue notice that was received by plaintiff on or about May 4, 2005. This

complaint has been filed within ninety (90) days of receipt of the May 3, 2005 right to sue notice.

## IV. ALLEGATIONS OF DISCRIMINATION

13. Plaintiff commenced employment with the defendant in 1986. He has worked as a laborer for the defendant since 1990.

14. In October 1996, the defendant ordered plaintiff to report for a psychiatric examination because the defendant perceived plaintiff as being disabled and contended that he was unable to perform the duties of his position by reason of a mental disability. Plaintiff submitted to the evaluation on or about October 30, 1996.

15. On or about April 28, 1997, the defendant placed plaintiff on an involuntary leave of absence from employment.

16. Prior to being placed on involuntary leave of absence without pay, plaintiff performed his duties as a laborer satisfactorily.

17. During his employment, plaintiff was subjected to harassment in his terms and conditions of employment because he was regarded as disabled.

18. Plaintiff was on an involuntary leave of absence without pay for over a year. In October, 1998, plaintiff was restored to the payroll with back pay except for amounts that would have represented wages for overtime that he would have earned had he not been placed on an involuntary leave of absence.

19. By regarding plaintiff as disabled, requiring him to undergo a psychiatric evaluation, harassing him and placing him on an involuntary leave for over a year because he was regarded as disabled, the defendant violated the ADA.

## VI. DEMAND FOR JURY TRIAL

20. The plaintiff demands trial by jury.

**WHEREFORE**, the plaintiff demands judgment against the Defendant as follows:

a. For an order requiring defendant and its agents, supervisors, employees or any others acting in concert with it to cease and desist from violating the ADA with respect to its treatment of plaintiff;

b. For an award of back pay and other pecuniary damages including lost overtime, and any lost pension benefits, fringe benefits such as bonuses, group health, disability and life insurance coverage, sick pay, holiday and vacation pay together with prejudgment interest at the highest legal rate;

c. For an award of compensatory damages in the amount of $25,000.00;

d. For an award of punitive damages in the amount of $50,000.00;

e. For an award of reimbursement of the expense of this litigation, including reasonable attorney's fees and other costs of suit; and

f. For an award of such other and further relief as would be appropriate and equitable in the premises.

Respectfully submitted,

Nancy E. Hoffman
Attorney for Plaintiff
William A. Herbert (of counsel)
Miguel G. Ortiz (of counsel)

By: /s/ William A. Herbert
William A. Herbert
Bar Code No.: WH4538
Miguel G. Ortiz
Bar Code No.: MO5499
Civil Service Employees
Association, Inc.
Local 1000, AFSCME, AFL-CIO
143 Washington Avenue
Albany, New York 12210

PL/05-1302/DIXON COMPLT#32218